IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS ZACHARY PETERS,

    Plaintiff,

v.

WESLEY REVELS, et al.,

    Defendants.

ORDER

Case No. 24-cv-710-wmc

---

THOMAS ZACHARY PETERS,

    Plaintiff,

v.

WESLEY REVELS, et al.,

    Defendants.

ORDER

Case No. 24-cv-722-wmc

---

Plaintiff Thomas Zachary Peters has submitted a certified inmate trust fund account statement in support of a motion for leave to proceed without prepaying the filing fee. The court must now determine whether plaintiff qualifies for indigent status and, if so, calculate an initial partial payment of the filing fees.

Even when an inmate litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from plaintiff's trust fund account statement, I have calculated plaintiff's initial partial payments to be $1.37 for each of these cases (total $2.74). For these cases to proceed, plaintiff must submit this amount for each case on or before November 11, 2024.

If plaintiff does not have sufficient funds in a regular inmate account to make the initial partial payments, then plaintiff should arrange with prison officials to make the payments from

a release account. However, prison officials will draw funds first from plaintiff's regular account and any portion of the initial partial payments remaining from plaintiff's release account. *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005).

ORDER

IT IS ORDERED that:

1. Plaintiff Thomas Zachary Peters is assessed an initial partial payment of $1.37 for each of these cases (total $2.74). Plaintiff must submit a check or money order payable to the clerk of court by November 11, 2024 or advise the court in writing why plaintiff is not able to make the initial partial payments.

2. No further action will be taken in these cases until the clerk's office receives the initial partial payments as directed above and the court has screened the complaints as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

2. If plaintiff fails to make the initial partial payments by November 11, 2024, or fails to show cause why the payments could not be made, then I will assume that plaintiff wishes to withdraw the actions voluntarily. In that event, the cases will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). If plaintiff submits the initial partial payments within 30 days of dismissal, the cases will be reopened. The court will not reopen the cases after 30 days unless plaintiff makes a showing that they are entitled to relief

under Federal Rule of Civil Procedure 60(b).

Entered this 21st day of October, 2024.

BY THE COURT:


/s/
ANDREW R. WISEMAN
United States Magistrate Judge