IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS ZACHARY PETERS,

                Plaintiff,                OPINION AND ORDER

    v.                                                                 24-cv-710-wmc

CAPTAIN STAN HENDRICKSON,
LIEUTENANT RYAN HALLMAN,
SERGEANT TODD EVERS, OFFICER BRIAN CARTER,
OFFICER APRIL BROWN, and
MONROE COUNTY, WISCONSIN,

                Defendant.

Plaintiff Thomas Peters, who is imprisoned at Columbia Correctional Institution and represents himself, raises several claims in an amended complaint related to when he was a pretrial detainee at the Monroe County Jail.[1] (Dkt. #8.) Because Peters is incarcerated and has not prepaid the filing fee, the court must screen the amended complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. §§ 1915(e)(2), 1915A. The court accepts Peters' allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 537 F.3d 742, 751 (7th Cir. 2011). Even construing Peters' allegations generously, his amended complaint does not comply with Fed. R. Civ. P. 8 and 20, because his complaint outlines multiple lawsuits and alleges many stray facts. Thus, the court will dismiss his amended complaint without prejudice and allow him to

---

[1] This complaint is one of a series of complaints that Peters has filed about his confinement at the Monroe County Jail. Case Nos. 23-cv-232-wmc, 24-cv-710-wmc, 24-cv-722-wmc, 24-cv-757-wmc.

submit a second amended complaint that brings just one lawsuit and corrects the deficiencies identified below.

OPINION

I.   Rule 8 and 20 Problems

A plaintiff may bring claims against different defendants in the same lawsuit "only if [those] claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Fed. R. Civ. P. 20(a)(1)(A)). As the Court of Appeals for the Seventh Circuit has explained, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Id.*

Here, Peters' amended complaint alleges at least two different claims. *First*, Peters alleges that Officer Brian Carter harassed him and that Captain Stan Hendrickson and Lieutenant Ryan Hallman enabled Carter's harassment. Specifically, he alleges that Carter used derogatory and offensive terms, so Peters complained to Hallman and Hendrickson about Carter's behavior. After he complained, however, Carter's behavior intensified, and he began calling Peters a variety of slurs and a "snitch."

In another incident with Carter, Carter refused to provide Peters with towels, a mop, and gloves to clean up pooling water on an upper tier of the jail, threatened to punish him for being on an upper tier, and "violat[ed]" HIPPA by talking about Peters' diagnoses. Eventually, Sergeant Todd Evers cleaned up the water, telling Peters that he would provide him with a stack of grievance forms but would deny any grievances he filed. After the mess was cleaned up, Carter returned to mock Peters for requesting gloves, calling him a variety

2

of derogatory terms and threatening to beat him up.  Peters was upset by Carter's actions, and he requested more grievance forms, but Lieutenant Hallman and Captain Hendrickson denied his request, saying that he already had enough forms.

*Second*, Peters alleges that, in April 2023, Sergeant Evers instructed him to pack his belongings and relocate to a higher security unit.  Upon reaching the unit, Peters discovered that a "hostile inmate," who had told staff that he intended to hurt Peters, was housed on the unit, and staff had issued an order that Peters was to have no contact with that inmate. Somewhat contrary to his allegation that staff ordered him to have no contact with the "hostile" inmate, Peters also alleges that there was an "unspoken" custom of housing "hostile parties" together.  The inmate apparently then threatened Peters with a weapon, and Peters' friend contacted jail staff, but Carter waited more than 30 minutes to respond. Peters later talked with Captain Hendrickson who minimized the incident.  Peters filed a complaint, and Sergeant Evers responded, threatening to retaliate and issued a written warning to Peters.  Captain Stan Hendrickson and Lieutenant Ryan Hallman dismissed his complaint and further punished him by putting him in permanent segregation.

Peters' complaint also contains many seemingly unrelated allegations: (1) Officers Carter and April Brown forced him to carry his own tote when transferring units which was against medical orders; (2) Carter put him in segregation because he refused to enter his new pod with "hostile" inmates; and (3) Brown and Carter refused to allow him toilet paper and then made fun of him when he used a sock to clean himself.

Only *one* group of claims arising from an occurrence identified above may proceed under this case number.  Therefore, Peters must decide which group of claims will proceed

3

under this case number, and whether he wishes to proceed with any other group of claims in a separate lawsuit or lawsuits. If Peters decides to pursue separate lawsuits based on allegations unrelated to those he decides to pursue under this case number, he will be required to pay a separate filing fee for each additional lawsuit on which he chooses to proceed.

Regardless of how Peters chooses to proceed, he must submit a new complaint **using this court's standard complaint form** that clarifies his claims. Under Rule 8(d), "each allegation must be simple, concise, and direct," with the primary purpose being to provide fair notice to defendants so that the court and defendants may "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quotation marks omitted). Peters has violated Rule 8 by including many stray facts in his complaint. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter'") (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). Here, it appears that Peters intends to focus his complaint on Carter's alleged harassment and the lack of response from other officers, but the court cannot be certain when he also includes other allegations about his placement with a dangerous inmate who threatened him and Officer Carter's slow response to the situation.

To proceed with this lawsuit, therefore, Peters will be required to file a second amended complaint, focusing only on essential factual allegations, so that the court can evaluate his claims. If Peters submits a proposed second amended complaint no later than

4

**August 11, 2025**, the court will take it under advisement for prompt screening.

## ORDER

IT IS ORDERED that:

1) Plaintiff Thomas Peters' amended complaint (dkt. #8) is DISMISSED without prejudice. He may have until August 11, 2025, to file a second amended complaint that corrects the problems described in this order. If plaintiff fails to respond by the deadline, the court will dismiss this case with prejudice.

2) Plaintiff must file his amended complaint on the court's complaint form, which will be sent to him along with a copy of this order. Plaintiff must fill out the form completely. If necessary, plaintiff may attach up to five additional pages to the complaint.

3) It is plaintiff's obligation to inform the court of any new address. If he fails to do so, his claims may be dismissed with prejudice for failure to prosecute. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered this 11th day of July, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge