IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS ZACHARY PETERS,

                Plaintiff,                    OPINION AND ORDER

   v.
                                         24-cv-710-wmc

CAPTAIN STAN HENDRICKSON,
LIEUTENANT RYAN HALLMAN,
SERGEANT TODD EVERS, OFFICER BRIAN CARTER,
OFFICER APRIL BROWN, and
MONROE COUNTY, WISCONSIN,

                Defendant.

---

Plaintiff Thomas Peters, a prisoner representing himself, raises several claims related to when he was a pretrial detainee at the Monroe County Jail.[1]  (Dkt. #10.)  The court screened his first amended complaint and dismissed his case because he did not comply with Fed. Rs. Civ. P. 8 and 20—the first amended complaint outlined multiple, disparate lawsuits.  (Dkt. #9.)  Nonetheless, the court allowed Peters leave to amend to cure the defects in his amended complaint.   Because his second amended complaint contains the same disparate claims, this court will dismiss the second amended complaint and grant him a final opportunity to amend.

OPINION

A plaintiff may bring claims against different defendants in the same lawsuit "only if [those] claims arise 'out of the same transaction, occurrence, or series of transactions or

---

[1] This complaint is one of a series of complaints that Peters has filed about his confinement at the Monroe County Jail.  Case Nos. 23-cv-232-wmc, 24-cv-710-wmc, 24-cv-722-wmc, 24-cv-757-wmc.

occurrences.'" *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012) (quoting Fed. R. Civ. P. 20(a)(1)(A)).  As the Court of Appeals for the Seventh Circuit has explained, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Id.*

Here, Peters' second amended complaint again alleges at least two distinct claims. *First*, he alleges that Officer Brian Carter verbally harassed him and that Captain Stan Hendrickson and Lieutenant Ryan Hallman enabled Carter's harassment over a period of over two years.  Specifically, he alleges that Carter used derogatory and offensive terms and did so because plaintiff had filed grievances about another officer.  Peters complained to Hallman and Hendrickson about Carter's behavior, but they did nothing.  After he complained, Carter's behavior intensified, and he began calling Peters a variety of slurs, a "snitch," and derogatory names that referenced his pending charges.  The harassment culminated in an incident in which Carter allegedly challenged Peters to a physical altercation while continuing to call him slurs.  Hendrickson and Hallman still did not do anything when the behavior was reported to them, and they denied Peters grievance forms to complain about the harassment, as did Carter.

*Second*, Peters alleges that, in April 2023, he was relocated to a higher security unit, where he discovered that a "hostile inmate," who had told staff that he intended to hurt Peters, was housed on the unit.  The inmate then threatened Peters with a weapon, and Peters' friend apparently contacted jail staff to alert them to the problem.  Upon hearing that Peters reported a threat, Carter "denied any altercation" occurred and "stated that [] plaintiff was fabricating" the threat from the other inmate.

2

Peters' second amended complaint contains more, seemingly unrelated allegations. In total, the complaint contains the following six alleged issues: (1) Carter's repeated harassment and Hallman and Hendrickson's failure to intervene in the harassment (described first above); (2) Carter's failure to protect Peters from the "hostile" inmate's threat (described second above); (3) Carter putting Peters in segregation because he refused to enter *another* new pod with *another* "hostile" inmate; (4) Carter refusing to give Peters toilet paper while in segregation; (5) Carter exacerbating Peters' medical conditions by making him carry his own tote; and (6) jail administration routinely denying all of Peters' filed grievances.

Only *one* of the six issues identified above may proceed under this case number. Peters must decide which *one* group of claims will proceed. If Peters chooses a set of claims by the deadline set below, the court will treat that portion of his current complaint as the operative pleading and screen those claims. If he wishes to pursue claims arising from the other, separate incidents, he may do so in separate lawsuits if time remains within the applicable statute of limitations. Peters may also object to the court's decision to separate these claims, but he still must choose one set of the six sets of claims on which to proceed by the deadline. If Peters decides to pursue separate lawsuits based on allegations unrelated to those he decides to pursue under this case number, he will be required to pay a separate filing fee for each additional lawsuit on which he chooses to proceed.

ORDER

IT IS ORDERED that:

1) Plaintiff Thomas Peters' second amended complaint (dkt. #10) is DISMISSED without prejudice.

2) Plaintiff may have until **June 15, 2026**, to inform the court on which set of the distinct claims identified above he wishes to pursue in this lawsuit. If plaintiff fails to respond by the deadline, the court will dismiss this case with prejudice.

Entered this 15th day of May, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

4